JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

# 08 CV 4550

PEARSON EDUCATION, INC. AND
JOHN WILEY & SONS, INC.,               :

                                       :

              Plaintiffs,

                                       :

    -against-                          :        08 Civ.

                                       :

BRUCE ERLICHMAN D/B/A DOTTIE-MAX
AND JOHN DOE NOS. 1-5,                 :

                                       :

              Defendants.  :

- - - - - - - - - - - - - - - - - - x



## COMPLAINT

    Plaintiffs Pearson Education, Inc. ("Pearson") and
John Wiley & Sons, Inc. ("Wiley") by their undersigned
attorneys, for their complaint against defendants Bruce
Erlichman d/b/a Dottie-Max and John Doe Nos. 1 through 5 aver:

### Nature of the Action

    1.   Plaintiffs are bringing this action to enforce
their copyrights and trademarks against defendants' unlawful
sale in the United States of (i) non-United States versions of
plaintiffs' educational books, and (ii) plaintiffs' instructors'
solutions manuals.

### Jurisdiction and Venue

    2.   This Court has subject matter jurisdiction over
the first two claims in this action pursuant to 28 U.S.C.

§§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.    Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

4.    Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.    Wiley is a is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6.    Upon information and belief, defendant Bruce Erlichman d/b/a Dottie-Max resides at 305 East 40th Street, Apartment 2R, New York, New York 10016.

7.    Upon information and belief, John Doe Nos. 1 through 5 are natural persons whose identities are presently unknown to plaintiffs.

## The Businesses of Plaintiffs

8.    Each plaintiff publishes a variety of works, including educational books.

9.    As a standard practice, each plaintiff requires its authors to assign the copyright to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

10.    Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

11.    Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

3

12.   An important part of plaintiffs' business is derived from publishing college textbooks.  College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

13.   Instructor's solutions manuals are important supplementary materials.  Professors use instructor's solutions manuals to aid in grading homework.  Students, however, use instructor's solutions manuals to cheat.  Professors are less likely to select a textbook if the instructor's solutions manuals are freely and/or widely available.  Accordingly, plaintiffs do not sell their instructor's solutions manuals, and tightly control their distribution to known faculty.

14.   Plaintiffs' educational textbooks authorized for sale in the United States are of the highest quality (the "United States Editions").  These books are generally printed on strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon bookmarks.  Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

15.   Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign

Editions"). The Foreign Editions materially differ from the United States Editions. The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions. Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides. The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region. The Foreign Editions are uniformly manufactured outside of the United States.

<u>Plaintiffs' Copyrights and Trademarks</u>

16. Plaintiffs routinely register their copyrights. Pearson has generally registered its works, including the work *Introduction to Electrodynamics* (registration number TX0004950391, registered on March 25, 1999) (the "Pearson Copyright").

17. Wiley has generally registered its works, including the work *Fundamentals of Physics* (registration number TX0000756079, registered on August 31, 1981) (the "Wiley Copyright").

5

18.  Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

19.  Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson PLC's rights therein, the well-known "Prentice Hall" trademarks (the "Pearson Trademarks").  The United States Registrations for the Pearson Trademarks are identified on Schedule A.

20.  Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks").  The United States Registrations for the Wiley Trademarks are identified on Schedule B.

### The Infringing Acts of Defendants

21.  Defendants have without permission (i) purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States, and (ii) reproduced and sold electronic copies of plaintiffs' instructor's solutions manuals, through online sites including, but not limited to, Dottiemax.Googlepages.com, Abebooks.com, Ebay.com, and Amazon.com, using the e-mail address bruce@dottie-max.com and the store name Dottie-Max.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

22.  Plaintiffs repeat the averments contained in paragraphs 1 through 21 as if set forth in full.

23.  Pearson has received a United States Certificate of Copyright Registration for the Pearson Copyright.

24.  Wiley has received a United States Certificate of Copyright Registration for the Wiley Copyright.

25.  The Pearson Copyright and the Wiley Copyright are valid and enforceable.

26.  Defendants have infringed the Pearson Copyright and the Wiley Copyright in violation of 17 U.S.C. § 501.

27.  Defendants' acts have irreparably damaged and, unless enjoined, may continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson and Wiley Copyrights.

28.  Defendants have willfully infringed the Pearson Copyright and the Wiley Copyright.

29.  Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including

(1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement – 15 U.S.C. § 1114(a))

30.    Plaintiffs repeat the averments contained in paragraphs 1 through 29 above as if set forth in full.

31.    Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein.  Pearson's licensor parent and affiliate companies have obtained United States Trademark Registrations for the Pearson Trademarks.

32.    Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

33.    The Pearson and Wiley Trademarks are valid and enforceable.

34.    Defendants have infringed the Pearson and Wiley Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

35.    Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and

permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson and Wiley Trademarks or any colorable imitation of them.

36.  Defendants have willfully infringed the Pearson and Wiley Trademarks.

37.  Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

38.  Plaintiffs repeat the averments contained in paragraphs 1 through 37 above as if set forth in full.

39.  Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson and Wiley Trademarks or any colorable imitation of them, to restitution of

defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson Copyright and the Wiley Copyright in violation of 17 U.S.C. § 501;

B.    Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson Copyright and the Wiley Copyright;

C.    Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson and Wiley Trademarks in violation of 15 U.S.C. § 1114(a);

D.    Awarding plaintiffs their damages and/or defendants' profits from their willful infringement of the Pearson and Wiley Trademarks pursuant to 15 U.S.C. § 1117(a);

E.    Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(a) and (c);

F.    Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G.    Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

H.    Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

I.    Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       May 16, 2008

DUNNEGAN LLC

By    _William Dunnegan_
    William Dunnegan (WD9316)
    Megan L. Martin (MM4396)
    Attorneys for Plaintiffs
      Pearson Education, Inc. and
      John Wiley & Sons, Inc.
    350 Fifth Avenue
    New York, New York 10118
    (212) 332-8300

Schedule A
"Pearson Trademarks"

|    | U.S. Trademark | Registration Number | Class |
|----|----------------|---------------------|-------|
| 1. | "Prentice-Hall" | 1,332,044 | 016 |
| 2. | "Prentice-Hall" | 1,332,639 | 042 |
| 3. | "Prentice-Hall" | 1,375,654 | 009 |

Schedule B
"Wiley Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016 |
| | | | 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |